HOBSON, Acting Chief Judge.
Appellant Gilbert Saver appeals a final judgment, entered after a nonjury trial, finding that he was an exempt administrative employee of appellee Hyatt Corporation and, therefore, not entitled to overtime pay allegedly due under the Fair Labor Standards Act. 29 U.S.C. § 201 et seq. We reverse.
Appellant was hired in November of 1976 as a “general maintenance mechanic” for the Sarasota Hyatt House Hotel. His starting salary was $200 per week and he was told he would be working basically a forty-six (46) hour week. Appellant testified that the chief engineer promised to pay him overtime for hours worked in excess of forty-six in any given week. Appellant did have some limited supervisory duties over the other employees in the engineering department. Appellant wore a uniform and spent the majority of his time doing physical repair work with his tools. He testified that out of a ten-hour day, nine and one-half of those hours would be spent working with tools. His immediate supervisor — the chief engineer — testified that appellant spent approximately seventy-five per cent of his time working with tools.
During appellant’s employment, his job title was changed to “assistant chief engineer;” however, there was no testimony concerning any change in his job duties.
In June of 1977, appellant was told by the chief engineer that he would have to start punching a time clock and that he was to be paid overtime for hours worked in excess of forty-six per week. He was given a memorandum stating that he was to be paid overtime. Appellant began punching a time clock and weekly time cards were kept of his hours. In September of 1978, appellant was fired for leaving the hotel at a time when the chief engineer felt he should have stayed to effectuate repairs.
Appellee contends that appellant was employed by it in a bona fide administrative capacity within the meaning of 29 U.S.C. § 213(a)(1) and the regulations issued thereunder; and that he consequently is exempt from the overtime compensation benefits of 29 U.S.C. § 207. The burden clearly is upon the employer affirmatively to show that the employee is within the scope of the exemption. Brennan v. Great American, Inc., 477 F.2d 292 (5th Cir. 1973).
To be exempt administratively, appellant’s primary duty must have consisted of the performance of office or nonmanual work directly related to management policies or general business operations of his employer or his employer’s customers, which includes work requiring the exercise of discretion and independent judgment. See 29 C.F.R. § 541.2. The general definition of “primary duty” is found at section 541.103: “[I]n the ordinary case it may be taken as a good rule of thumb that primary duty means a major part, or over 50%, of the employee’s time.”
Although intended for white collar employees, section 541.2 does not completely prohibit performance of manual work by an administrative employee. However, if the employee performs so much manual work that he cannot be said basically to be a white-collar employee, he does not qualify for exemption as a bona fide administrative employee, even if the manual work he performs is directly and closely related to the work requiring the exercise of discretion and independent judgment. In Reeves v. IT&T Corp., 357 F.Supp. 295 (W.D.La.1978), the court stated:
Thus, it is obvious that employees who spend most of their time using tools, instruments, machines, or other equipment, or in performing repetitive operations with their hands, no matter how much skill is required would not be bona fide administrative employees within the meaning of § 541.2.
Here, there was testimony from the hotel’s chief engineer that appellant spent approximately seventy-five per cent of his time working with tools. Thus, appellant falls directly in the description of section 541.2.
*230 Moreover, the discretion and independent judgment that appellant exercised in his employment was the type discussed in section 541.207 which explains the discretion and independent judgment requirement:
(a) In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered. The term as used in the regulations in Subpart A of this part, moreover, implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance.
(b) The term must be applied in the light of all the facts involved in the particular employment situation in which the question arises .... o
(c) Distinguished from skills and procedures;
(1) Perhaps the most frequent cause for misapplication of the term ‘discretion and independent judgment’ is the failure to distinguish it from the use of skill in various respects. An employee who merely applies his knowledge in following prescribed procedures or determining which procedure to follow or who determines whether specified standards are met or whether an object falls into one or another of a number of definite grades, classes, or other categories, with or without the use of testing or measuring devices, is not exercising discretion and independent judgment within the meaning of § 541.2. This is true even if there is some leeway in reaching the conclusion, as when an acceptable standard includes a range or a tolerance above or below a specific standard.
Appellant is an air-conditioning and refrigeration mechanic and had some technical schooling in the field. Clearly, he merely used a skill and his knowledge to follow prescribed procedures in his repair work around the hotel.
Based on the above, we conclude that appellee has not met the burden of proving appellant was administratively exempt. The final judgment is reversed and the cause remanded to the trial court for further proceedings consistent with our holding.
REVERSED and REMANDED.
GRIMES and DANAHY, JJ., concur.